**UNITED STATES DISTRICT COURT**
**MIDDLE DISTRICT OF FLORIDA**
**ORLANDO DIVISION**

| | |
|---|---|
| SMILE MORE® INTELLECTUAL HOLDINGS, LLC,<br>Plaintiff,<br>vs.<br>AMERICAN EAGLE OUTFITTERS, INC., a Delaware Corporation, and THE SMILEY COMPANY D/B/A THE SMILEY COMPANY SPRL A/K/A SMILEYWORLD LIMITED,<br>Defendants | Case No.:<br>**COMPLAINT FOR TRADEMARK INFRINGEMENT AND UNAUTHORIZED USE**<br>**DEMAND FOR JURY TRIAL**<br>District Court Judge:<br>Courtroom Number: |

Plaintiff, SMILE MORE® INTELLECTUAL HOLDINGS LLC ("SMILE MORE®"), hereby sues Defendants, AMERICAN EAGLE OUTFITTERS INC. ("AEO"); and THE SMILEY COMPANY D/B/A THE SMILEY COMPANY SPRL A/K/A SMILEYWORLD LIMITED ("SMILEY"); and alleges as follows:

## NATURE OF THE ACTION

1. This is a civil action for infringement of Plaintiff's trademarks registered with the United States Patent and Trademark Office ("USPTO") as U.S. Trademark Registration Nos. 4993299 and 4695492 under 15 U.S.C. § 1114, for Unfair

Competition and False Designation of Origin under 15 U.S.C. § 1125(a), for Dilution under 15 U.S.C. § 1125(c), for unfair competition under Florida common law, for unjust enrichment (equitable claim), and for deceptive and unfair trade practices under Florida Statutes §§ 501.201 *et. seq.*

**<u>THE PARTIES</u>**

2. Plaintiff, SMILE MORE®, is a Florida Limited Liability Company having a principal place of business at 407 Wekiva Springs Road Ste. 217, Longwood, FL 32779.

3. Defendant, AEO, is a Delaware corporation having a principal place of business at Corporation Trust Center 1209 Orange Street, Wilmington, DE 19801.

4. Defendant, SMILEY, is a company headquartered in London, United Kingdom, with a principal place of business at The Leathermarket, Lafone House, Unit 4.1, 11/13 Weston Street, London, SE1 3ER, GB.

5. On information and belief, Defendant AEO operates a website www.ae.com, which offers clothes and other apparel/merchandise to be sold to the public as well as physically in its AEO storefronts nationwide.

6. On information and belief, Defendant, SMILEY, operates a website www.smiley.com, which offers clothes and other apparel/merchandise to be sold to the public.

7. On information and belief, Defendant, SMILEY, partnered with Defendant, AEO (collectively the "Defendants"), to sell clothing items and other merchandise on the AEO website as well as physically in AEO storefronts nationwide.

## JURISDICTION AND VENUE

This is an action for trademark infringement and unfair competition under the trademark laws of the United States, 15 U.S.C. § 1 *et. seq.*, and particularly 15 U.S.C. §§ 1114, 1125(a), 1125(c), and 1125(d), and the statutory and common laws of the State of Florida.

8. This Court has subject matter jurisdiction under 15 U.S.C. § 1121 and 29 U.S.C. §§ 1331 and 1338(a) and (b) because this action arises under the trademark laws of the United States, and particularly 15 U.S.C. §§ 1114, 1125(a), 1125(c), and 1125(d). This Court has supplemental subject matter jurisdiction of the state-law claims in this action pursuant to 28 U.S.C. § 1367 and 1338 and the doctrines of pendent and ancillary jurisdiction because the state-law claims are so related to the federal claims that they form part of the same case or controversy.

9. This Court has personal jurisdiction over AEO because, on information and belief, it has contacts with and conducts and transacts business in the State of Florida, and within this district, purposely availing itself of the opportunity to conduct commercial activities in this judicial district, and Plaintiff's claims arise, in part, out of the acts that AEO purposefully directed at Florida and this district, and has further alleged herein.

10. This Court has personal jurisdiction over SMILEY because, on information and belief, SMILEY contacts with and conducts and transacts business in the State of Florida and within this district, purposely availing itself of the opportunity to conduct commercial activities in this judicial district, and Plaintiff's claims arise, in part, out of the acts that SMILEY purposefully directed, orchestrated, and benefitted from within Florida and this district, and as further alleged herein.

11. Venue in the United States District Court for the Middle District of Florida, Orlando Division, is proper pursuant to 28 U.S.C. § 1391(b) and (c) because a substantial part of the events giving rise to the claim occurred in this judicial district.

## SMILE MORE'S® BUSINESS

12. SMILE MORE®, is a limited liability company, operating as an intellectual property holding company for the SMILE MORE® brand and its relevant trademarks, assignments, etc.

13. SMILE MORE® is owned by Roman Atwood ("Mr. Atwood").

14. U.S. Trademark Registration Nos. 4993299 and 4695492 (collectively "registrations") are owned by SMILE MORE®, and have registration dates of March 3, 2015, and July 5, 2016.

15. The 4993299 is registered in the international classes for 003, 021, and 025 for temporary tattoos, cups, water bottles sold empty, hats, and one-piece play suits, and lists a first use in commerce of September 1, 2013.

16. The 4695492 is registered in the international classes for 016, 018, 025, 035 for pens, rubber bands, stickers, backpacks, beanies, shirts, tank tops, and on-line retail store services featuring apparel and clothing, and lists a first use in commerce of September 1, 2013.

17. Both registrations also state that the mark's literal element is SMILE MORE® and the mark consists of standard characters without claim to any particular font style, size, or color.

18. SMILE MORE® owns and manages the intellectual property, licenses those rights to operating companies that manufacture, market, and to sell its licensed merchandise, and serves as the legal owner of the trademarks and other intellectual property.

19. SMILE MORE® has actively maintained and protected its trademark rights related to its brand.

20. As such, SMILE MORE®'s ownership of the brand and associated trademarks are incontestable.

21. SMILE MORE® initially began selling its merchandise on October 9, 2013, through the Shopify platform.

22. On May 7, 2022, SMILE MORE® began exclusively selling its branded merchandise in all 50 states in the United States, including Florida, through Bunker Branding, LLC.

23. Bunker Branding, LLC, is the only authorized distributor and retailer to sell SMILE MORE® licensed merchandise.

24. SMILE MORE® sells merchandise in the form of hats, shirts, tank tops, blankets, hoodies, beanies, cups, backpacks, etc., to consumers all over the United States.

25. SMILE MORE® is the owner of substantial trademark rights concerning its marks and has maintained an exclusive license as to said rights for use in association with applicable merchandise.

26. As a result, the marks have become a valuable asset of SMILE MORE® and Mr. Atwood in the merchandise industry.

27. SMILE MORE® was created in 2013 by Mr. Atwood in connection with his YouTube® channel consisting of daily family vlogs and prank videos. Mr. Atwood frequently stated the phrase SMILE MORE® in his videos as a reminder to stay positive despite life's challenges.

28. Mr. Atwood built a brand around SMILE MORE® in order to sell merchandise to his ever-growing YouTube® and social media fan base as YouTube® had become his career.

29. Currently, Mr. Atwood has over 15 million subscribers on YouTube® between two different channels, one for his vlogs and one for pranks, where his SMILE MORE® is heavily portrayed and marketed.

30. SMILE MORE® was created to spread positivity among Mr. Atwood's viewers and to promote a positive way of thinking.

31. Mr. Atwood first obtained a USPTO issued registration number for SMILE MORE® in 2015.

32. As a result of years of use and exclusive offering for the brand, SMILE MORE®, not to mention Mr. Atwood's nationwide recognition amongst consumers for his Youtube and social media presence; SMILE MORE® is widely recognized by the general public and its fans as belonging to Mr. Atwood.

33. Pursuant to Section 15 of the Lanham Act (15 U.S.C. § 1065) both the 4993299 and '4695492 registrations are incontestable.

34. Copies of the U.S. Trademark Registrations referenced above are attached as Exhibit "A" and "B". SMILE MORE®'s pertinent United States Trademark Registrations are listed in the following table:

| Mark | Registration No. | Registration Date | Date of First Use in Commerce |
|---|---|---|---|
| SMILE MORE | 4695492* | 03/03/2015 | 09/01/2013 |
| SMILE MORE | 4993299* | 07/05/2016 | 09/01/2013 |

The registrations denoted by an asterisk (*) above are incontestable in accordance with 15 U.S.C §§ 1065 and 1115(b) and constituted conclusive evidence of SMILE MORE®'s exclusive rights to use those marks in connection with the goods listed in those registrations.

35. SMILE MORE® has been continuously using its marks for goods and services, including but not limited to, merchandise sales in interstate commerce since at least September 2013, and has continued to use said marks with additional goods since that time.

36. The registrations noted above constitute *prima facie* evidence of the protectability, validity, and SMILE MORE®'s exclusive right to use its marks on goods and services, including but not limited to, merchandise sales throughout the United States.

37. SMILE MORE® has an expansive presence in interstate commerce.

38. SMILE MORE® serves customers in all 50 states of the United States of America.

39. SMILE MORE® has sold its merchandise exclusively through Bunker Branding, LLC, since May 7, 2022.

40. As a result, the SMILE MORE® marks represent substantial goodwill in the operations of its business in the United States and throughout the world.

41. Accordingly, SMILE MORE® has made substantial efforts to establish and maintain significant consumer goodwill in its many good offered under its marks through the United States, including but not limited to, merchandise sales and protecting its mark through cease & desists to remove unlicensed products attempting to benefit on its brand without direct authorization, license, or approval from SMILE MORE® itself.

42. SMILE MORE®'s marks are distinctive, well known and famous.

**AMERICAN EAGLE OUTFITTERS, INC.'s, AND THE SMILEY COMPANY D/B/A THE SMILEY COMPANY SPRL A/K/A SMILEYWORLD LIMITED BUSINESS**

43. AEO has sold and currently sells clothes and other apparel/merchandise products under the name American Eagle®.

44. SMILEY has partnered to sell and currently sells clothes and other apparel/merchandise products under a collaboration with AEO.

45. Defendants' current merchandise sales include the following branding:






46. Defendants' collaborative website at https://www.ae.com/us/en/p/men/bottoms/joggers-sweatpants/ae-smiley-heavyweight-open-hem-sweatpant/2121_5405_006 displays:




47. Defendants' collaborative website at https://www.ae.com/us/en/p/men/tops/hoodies-sweatshirts/zip-up-hoodies-sweatshirts/ae-smiley-graphic-fleece-full-zip-sweatshirt/0186_2875_006 displays:



48. The images shown above are the first impressions the public sees when visiting the Defendants' collaborative website at https://www.ae.com/us/en/p/men/bottoms/joggers-sweatpants/ae-smiley-heavyweight-open-hem-sweatpant/2121_5405_006 & https://www.ae.com/us/en/p/men/tops/hoodies-sweatshirts/zip-up-hoodies-sweatshirts/ae-smiley-graphic-fleece-full-zip-sweatshirt/0186_2875_006.

49. Defendants are using a variant of the SMILE MORE® marks containing a "Smiley Face®" in place of the "O" on their collaborative clothing products; specifically depicted as: Smile M☺re.

50. Defendants' use of the SMILE MORE® marks is prominent in its branding on the above-referenced merchandise.

51. To reemphasize, SMILE MORE® owns the Standard character claim for its marks. Meaning that SMILE MORE® owns the "standard characters without claim to any particular font style, size or color." Including but not limited to any variation of its marks, including but not limited to, the variation used by the Defendants in their merchandise collaboration.

52. SMILE MORE®'s trademarks and Defendants' use of the "Smile M☺re" name are used on identical goods, namely merchandise listed for sale, including but not limited to, clothing.

53. Defendants' use of the "Smile M☺re" name creates an identical and confusing commercial impression to SMILE MORE®'s marks.

54. Defendants' use of the "Smile M☺re" brand creates a commercial impression confusingly similar to SMILE MORE®'s marks.

55. Defendants' use of the https://www.ae.com/us/en/p/men/bottoms/joggers-sweatpants/ae-smiley-heavyweight-open-hem-sweatpant/2121_5405_006 & https://www.ae.com/us/en/p/men/tops/hoodies-sweatshirts/zip-up-hoodies-

sweatshirts/ae-smiley-graphic-fleece-full-zip-sweatshirt/0186_2875_006 domains create a commercial impression confusingly similar to SMILE MORE®'s marks.

56. SMILE MORE®'s marks and Defendants' use of the "Smile M☺re" brand name are identical in appearance, sound, connotation and commercial impression.

57. Merchandise goods, including but not limited to clothing, bearing SMILE MORE®'s marks and Defendants' merchandise products being sold using the brand name "Smile M☺re" both travel in the same established, likely-to-continue trade channels, including, but not limited to, e-commerce.

58. Upon information and belief, Defendants intend to derive benefit from the reputation of SMILE MORE®'s marks by adopting identical and confusingly similar brands and web domains for the sale of goods and services, including but not limited to, clothing merchandise products.

59. There is likelihood of confusion as to the source or sponsorship of the goods that Defendants are profiting on under the "Smile M☺re" brand name because the name is confusingly similar to SMILE MORE®'s marks. Please see attached composite Exhibit "C".

60. Defendants are operating as collaborators and control the actions of the other as partners in their collaboration.

61. Defendants are not authorized by SMILE MORE® to use its marks or any similar name or design for products or services, including, but not limited to, merchandise sales.

62. Defendants' infringement of SMILE MORE®'s trademark rights creates confusion in the marketplace and damages its goodwill, causing irreparable harm to SMILE MORE®'s business.

63. Defendants' infringing use of the "Smile M☺re" brand name has threatened SMILE MORE® with loss of control over its reputation in the marketplace, and the

value of its trademarks.

64. On information and belief, Defendants are aware of SMILE MORE®'s business and its marks before they engaged in the infringing activities and adopted the infringing "Smile M☺re" brand name.

65. On information and belief, Defendants copied SMILE MORE®'s marks with the intention of deceiving and misleading customers, the relevant industry, and the public at large or wrongfully trading on the goodwill and reputation of Plaintiff.

66. On information and belief, Defendants' infringement of SMILE MORE®'s rights is intentional and Defendants have acted, and are continuing to act, with knowledge of SMILE MORE® and its rights in the trademarks.

67. On information and belief, Defendants have a bad faith intent to profit from the sale of merchandise products bearing the name "Smile M☺re" by creating an association with SMILE MORE®'s marks as to source or sponsorship.

68. Defendants selected and adopted the marks used for its business and orchestrated and control the current operation. Defendants have, and will continue, to receive a direct benefit from the infringing activities.

69. Defendants' actions as described herein have caused and continue to cause irreparable injury to, and a likelihood of dilution of the distinctive quality of SMILE MORE®'s famous marks.

70. Defendants' wrongful use of SMILE MORE®'s famous trademarks are likely to dilute the distinctive nature of those marks and to blur the product association or tarnish the reputation built with the marks.

71. Defendants used, and continue to use, in commerce the SMILE MORE®'s marks and/or closely similar marks willfully and with the intent to dilute the marks; and with the intent to trade on the reputation and goodwill of SMILE MORE®'s marks.

72. Prior to filing this lawsuit, SMILE MORE®, through its legal counsel, demanded in writing multiple times that Defendants cease their infringement of its marks. Please see attached composite Exhibit "D".

73. Defendants have refused to fully comply with Plaintiff's demands. Defendants have refused to cease all use of the "Smile M☺re" brand name and have refused to account for Defendants' infringing sales.

74. Specifically, Defendants in their response, dated June 2, 2026, to Plaintiff's Demand state: "Your letter states that '[e]ven one consumer congratulated Mr. Atwood on his 'partnership with American Eagle.' However, you omitted crucial context making clear that this is yet another example of a Roman Atwood fan who understands that AE has not partnered with Atwood, as shown below." An excerpt from this response is reflected below.

> Your letter states that "[e]ven one consumer congratulated Mr. Atwood on his 'partnership with American Eagle.'" However, you have omitted crucial context making clear that this is yet another example of a Roman Atwood fan who understands that AE has not partnered with Atwood, as shown below.



75. Defendants' actions were and continue to be taken in willful and malicious disregard of SMILE MORE®'s rights.

76. Defendants' infringing activities have caused SMILE MORE® monetary harm and they have been damaged.

77. Defendants' unauthorized use of SMILE MORE®'s trademarks is a deceptive practice that has an adverse impact on the public interest.

78. By virtue of Defendants' actions described herein, SMILE MORE® is being irreparably harmed and does not have an adequate remedy at law because its special interests in protecting the integrity of its trademarks and in preventing customer confusion are being seriously threatened.

79. As referenced in paragraph 74, and the subsequent excerpt of Defendants' response to Plaintiff's Demand Letter, actual confusion of purchasers has already occurred, and will continue to occur in the future, unless Defendants are enjoined from continuing their unlawful conduct. Fans on social media have congratulated Mr. Atwood on SMILE MORE®'s partnership with Defendants and another fan has stated that Mr. Atwood has lost their business pursuant to a perceived partnership.

80. SMILE MORE®'s irreparable injury also includes, without limitation, harm to the value of its goodwill and business reputation and their ability to exclusively maintain their trademarks to the exclusion of all others.

81. Defendants are also irreparably harming the ability of SMILE MORE® to maintain their relationships with their existing and identifiable prospective customers and with their distributors and retailers.

82. SMILE MORE® is likely to succeed on the merits of their claims. In fact, SMILE MORE® has already succeeded in a similar claim directly with the United States Patent and Trademark Office bearing Cancellation No. 92062027. In a similar claim the Court found that Mr. Atwood's YouTube® channels containing iterations,

mention, phrases, etc., constituted as secondary meaning, and that secondary meaning applied, as to the SMILE MORE®'s marks. Please see attached Exhibit "E".

83. The public interested would be served by the granting of injunctive relief. Prohibiting injunctive relief will cause irreparable harm to SMILE MORE®.

84. SMILE MORE® has hired the undersigned law firm and has obligated themselves to pay a reasonable attorney's fee.

85. All conditions precedent to the bringing of this action have occurred, have been performed, have been fulfilled, or have been waived.

**COUNT I – FEDERAL TRADEMARK INFRINGEMENT OF U.S. TRADEMARK REGISTRATION NO. 4695492**

86. SMILE MORE® hereby incorporates paragraphs 1-76 above as if fully set forth herein.

87. This count is against all Defendants for infringement of a federally registered trademark pursuant to 15 U.S.C. § 1114.

88. Defendants' conduct, including their unauthorized use of the SMILE MORE® mark constitutes trademark infringement of its registered marks of the U.S. Trademark Registration No. 4695492 in violation of 15 U.S.C. § 1114 by creating, and continuing to create a likelihood of confusion with the Plaintiff's registered mark.

89. On information and belief, Defendants were aware of SMILE MORE®'s business and its mark before it engaged in the infringing activities and adopted the infringing brand.

90. On information and belief, Defendants used the brand confusingly similar to SMILE MORE®'s mark with the intention of deceiving and misleading customers, the relevant industry, and the public at large or wrongfully trading on the goodwill

and reputation of the Plaintiff.

91. As a direct and proximate result of the Defendants' actions, SMILE MORE® has been damaged.

92. As a direct and proximate result of Defendants' actions, SMILE MORE® has been irreparably harmed, including damage to its business and reputation, and will continue to be irreparably harmed unless and until Defendants cease use of the infringing brand.

**COUNT II – FEDERAL TRADEMARK INFRINGEMENT OF U.S. TRADEMARK REGISTRATION NO. 4993299**

93. SMILE MORE® hereby incorporates paragraphs 1 through 76 above as fully set forth herein.

94. All conditions precedent to the bringing of this action have occurred, have been performed, have been fulfilled, or have been waived.

95. This count is against all Defendants for infringement of a federally registered trademark pursuant to U.S.C. § 1114.

96. Defendants' conduct, including their unauthorized use of the "Smile M☺re" brand name and the https://www.ae.com/us/en/p/men/bottoms/joggers-sweatpants/ae-smiley-heavyweight-open-hem-sweatpant/2121_5405_006 & https://www.ae.com/us/en/p/men/tops/hoodies-sweatshirts/zip-up-hoodies-sweatshirts/ae-smiley-graphic-fleece-full-zip-sweatshirt/0186_2875_006 domains as a source designator for merchandise goods and services, including but limited to, clothing apparel, constitutes trademark infringement of SMILE MORE®'s registered mark of U.S. Trademark Registration No. 4993299 in violation of 15 U.S.C. § 1114 by creating, and continuing to create a likelihood of confusion with Plaintiff's registered mark.

97. On information and belief, Defendants used the "Smile M☺re" brand name

and website domains confusingly similar to SMILE MORE®'s mark with the intention of deceiving and misleading customers, the relevant industry, and the public at large or wrongfully trading on the goodwill and reputation of Plaintiff.

98. As a direct and proximate result of Defendants' actions, SMILE MORE® has been damaged.

99. As a direct and proximate result of Defendants' actions, SMILE MORE® has been irreparably harmed, including damage to its business and reputation, and will continue to be irreparably harmed unless and until Defendant ceases use of the infringing "Smile M☺re" brand name and related domains used for e-commerce purchase of the infringing merchandise.

**<u>COUNT III – FALSE DESIGNATION OF ORIGIN, TRADEMARK INFRINGEMENT AND UNFAIRE COMPETITION UNDER 15.S.C. §1125(a)</u>**

100. SMILE MORE® hereby incorporates paragraphs 1 through 76 above as fully set forth herein.

101. This count is against all Defendants for infringement of common law trademark rights, for false designation of origin and unfair competition pursuant to 15 U.S.C § 1125(a).

102. Defendants' conduct, including its use of the "Smile M☺re" brand and https://www.ae.com/us/en/p/men/bottoms/joggers-sweatpants/ae-smiley-heavyweight-open-hem-sweatpant/2121_5405_006 & https://www.ae.com/us/en/p/men/tops/hoodies-sweatshirts/zip-up-hoodies-sweatshirts/ae-smiley-graphic-fleece-full-zip-sweatshirt/0186_2875_006 domains as source designators for consumer purchase of goods and services, including but not limited to, clothing apparel, and false designation of origin in violation of 15 U.S.C § 1125(a) by creating, and continuing to create a likelihood of confusion with SMILE MORE®'s marks and related trademark rights in its brands, configurations,

and merchandise sales for goods and services.

103. Defendants' conduct set forth above is also likely to cause mistake, or to deceive as to the affiliation, connection, or association of Defendants with SMILE MORE® and its marks, or as to the origin, sponsorship, or approval of Defendants' goods and services, in violation of 15 U.S.C. § 1125(a).

104. On information and belief, Defendants were aware of SMILE MORE®'s business and its marks before they engaged in the infringing activities and adopted the infringing "Smile M☺re" brand, and Defendants knew of SMILE MORE®'s marks and related trademark rights in its brands, configurations, and merchandise sales for goods and services related to SMILE MORE®'s business before Defendants' own adoption and use of the "Smile M☺re" brand.

105. On information and belief, Defendants substantially copied SMILE MORE®'s marks and related trademark rights in its use of the "Smile M☺re" brand, configurations, and merchandise sales, including but not limited to clothing apparel, with the intention of deceiving and misleading customers, the relevant industry, and the public at large or wrongfully trading on the goodwill and reputation of Plaintiff.

106. As a direct and proximate result of Defendants' actions, SMILE MORE® has been damaged.

107. As a direct and proximate result of Defendants' actions, SMILE MORE® has been irreparably harmed, including damage to its business and reputation, and will continue to be irreparably harmed unless and until Defendants cease use of the "Smile M☺re" brand on its merchandise sales for goods and services, including but not limited to, clothing apparel.

**COUNT IV – TRADEMARK DILUTION**
**UNDER 15 U.S.C. §1125(c)**

108. SMILE MORE® hereby incorporates paragraphs 1 through 76 above as fully set forth herein.

109. This count is against all Defendants for dilution pursuant to 15 U.S.C. § 1125(c).

110. One or more of the SMILE MORE® marks have become famous and distinctive in the United States and worldwide due to the extensive, continuous, and exclusive use of the marks in connection with SMILE MORE®'s merchandise.

111. Despite knowledge of SMILE MORE®'s famous trademarks, Defendants, used and continue to use in commerce copies thereof and spurious and colorable imitations thereof in connection with the advertisement, promotion, and sale of its clothing and merchandise, including but not limited to, the pictures of clothing items referenced above in this Complaint.

112. Defendants' actions as described herein have caused and continue to cause irreparable injury to, and a likelihood of dilution of the distinctive quality of the famous SMILE MORE® marks in violation of Plaintiff's rights under 15 U.S.C. § 1125(c). Defendants' wrongful use of the SMILE MORE® marks is likely to dilute the distinctive nature of those marks and to blur the product association or tarnish the reputation built with the marks.

113. Defendants used and continue to use in commerce the SMILE MORE® marks and/or closely similar marks willfully and with the intent to dilute the marks, and with the intent to trade on the reputation and goodwill of SMILE MORE® and its marks. Accordingly, this is an exceptional case within the meaning of 15 U.S.C. § 1117(a).

114. As a direct and proximate result of the Defendants' actions, SMILE MORE®

has been damaged.

115. As a direct and proximate result of the Defendants' conduct, SMILE MORE® has suffered irreparable harm to the valuable Smile More® marks, and other damages in an amount to be proved at trial.

116. Unless Defendants are enjoined, the valuable SMILE MORE® marks will continue to be irreparably harmed and likely to be diluted.

117. SMILE MORE® has no adequate remedy at law that will compensate for the continued and irreparable harm that it will suffer if Defendants' actions are allowed to continue.

**COUNT V – TRADEMARK INFRINGEMENT AND UNFAIR COMPETITION UNDER FLORIDA COMMON LAW**

118. SMILE MORE® hereby incorporates paragraphs 1 through 76 above as if fully set forth herein.

119. This count is against all Defendants for trademark infringement and unfair competition under the common laws of the State of Florida.

120. Defendants' conduct, including its use of the "Smile M☺re" brand and https://www.ae.com/us/en/p/men/bottoms/joggers-sweatpants/ae-smiley-heavyweight-open-hem-sweatpant/2121_5405_006 & https://www.ae.com/us/en/p/men/tops/hoodies-sweatshirts/zip-up-hoodies-sweatshirts/ae-smiley-graphic-fleece-full-zip-sweatshirt/0186_2875_006 domains as source designators for consumer purchase of goods, including but not limited to clothing apparel, constitutes trademark infringement and unfair competition by creating, and continuing to create, a likelihood of confusion with Plaintiff's marks and related common law trademark rights in its SMILE MORE® brand, configurations, and merchandise sales for goods and services.

121. Defendants' conduct set forth above is also likely to cause mistake, or to

deceive as to the affiliation, connection, or association of Defendants with SMILE MORE® and its marks, or as to the origin, sponsorship, or approval of Defendants' goods and services, in violation of the Florida common law.

122. On information and belief, Defendants were aware of SMILE MORE®'s business and its marks before they engaged in the infringing activities and adopted the infringing "Smile M☺re" brand, and Defendants knew of SMILE MORE®'s marks and related trademark rights in its brand, configurations, and merchandise sales for goods and services and related products before Defendants' own adoption and use of the "Smile M☺re" brand.

123. On information and belief, Defendants substantially copied SMILE MORE®'s marks and related trademark rights in its use of the "Smile M☺re" brand, configurations, and merchandise sales for goods and services with the intention of deceiving and misleading customers, the relevant industry, and the public at large or wrongfully trading on the goodwill and reputation of Plaintiff.

124. The foregoing acts and conduct of Defendants constitute infringement and misappropriation of Plaintiffs' common law rights in its trademarks in violation of the common law of the State of Florida.

125. Defendants' acts and conduct constitute unfair competition from with Defendants have unlawfully benefitted.

126. Upon information and belief, Defendants' conduct was knowing, willful, and deliberate.

127. As a direct and proximate result of Defendants' actions, SMILE MORE® has been and will continue to be damaged.

128. As a direct and proximate result of Defendants' actions, SMILE MORE® has been and will continue to be irreparably harmed, including damage to its business and reputation, and will continue to be irreparably harmed unless and until

Defendants cease use of the "Smile M☺re" brand.

**COUNT VI – DECEPTIVE AND UNFAIR TRADE PRACTICES UNDER FLA. STAT. § 501.201 *ET SEQ.***

129. SMILE MORE® hereby incorporates paragraphs 1 through 76 above as if fully set forth herein.

130. This is a claim against all Defendants under the Florida Deceptive and Unfair Trade Practices Act pursuant to Fla. Stat. § 501.201 *et seq.*

131. SMILE MORE® and Defendants are commercial competitors.

132. Defendants' conduct, including its use of the "Smile M☺re" brand and https://www.ae.com/us/en/p/men/bottoms/joggers-sweatpants/ae-smiley-heavyweight-open-hem-sweatpant/2121_5405_006 & https://www.ae.com/us/en/p/men/tops/hoodies-sweatshirts/zip-up-hoodies-sweatshirts/ae-smiley-graphic-fleece-full-zip-sweatshirt/0186_2875_006 domains as source designators for consumer purchase of goods, including but not limited to clothing apparel, constitutes trademark infringement and unfair competition by creating, and continuing to create, a likelihood of confusion with Plaintiff's marks and related common law trademark rights in its SMILE MORE® brands, configurations, and merchandise sales for goods and services.

133. Defendants' conduct set forth above is also likely to cause mistake, or to deceive as to the affiliation, connection, or association of Defendants with SMILE MORE® and its marks, or as to the origin, sponsorship, or approval of Defendants' goods and services in violation of the Florida common law.

134. By the Defendants' use of the "Smile M☺re" brand on its products as set forth above, Defendants have made misleading representations as to the source their goods, and as to their affiliation with SMILE MORE®.

135. Defendants knew and were aware of SMILE MORE®'s business and its

marks before they engaged in the infringing activities and adopted the infringing use of the "Smile M☺re" brand and Defendants knew of Plaintiff's marks and related trademark rights in its SMILE MORE® brands, configurations, and merchandise sales for goods and services before Defendants' own adoption and use of the "Smile M☺re" brand for merchandise sales for goods and services, including but not limited to, clothing apparel.

136. On information and belief, Defendants substantially copied SMILE MORE®'s marks and related trademark rights in its use of the "Smile M☺re" brand, configurations, and merchandise sales for goods and services with the intention of deceiving and misleading customers, the relevant industry, and the public at large or wrongfully trading on the goodwill and reputation of Plaintiff.

137. Defendants have knowingly, willfully, and deliberately engaged in the foregoing actions in violation of the Florida Deceptive and Unfair Trade Practices Act.

138. The conduct complained of herein constitutes unfair and deceptive trade practices under the Florida Deceptive and Unfair Trade Practices Act as defined in Fla. Stat. § 501.203(3)(a)-(c).

139. The conduct complained of herein constitute unfair methods of competition, unconscionable acts or practice, and unfair or deceptive acts or practices in the conduct of any trade or commerce.

140. As a direct and proximate result of Defendants' actions, SMILE MORE® has been and will continue to be damaged.

141. As a direct and proximate result of Defendants' actions, SMILE MORE® has been and will continue to be irreparably harmed.

**COUNT VII – UNJUST ENRICHMENT**

142. SMILE MORE® hereby incorporates paragraphs 1 through 76 above as if fully set forth herein.

143. This count is against all Defendants and alleges that they have been unjustly enriched by their illegal and improper actions.

144. Defendants have controlled, misappropriated, and used SMILE MORE®'s trademarks for their own advantage. Defendants' conduct, including their use of the SMILE MORE® brand, constitutes trademark infringement and unfair competition by creating, and continuing to create a likelihood of confusion with Plaintiff's marks and related common law trademark rights in its brand, configurations, and commercial appearances.

145. Defendants' conduct set forth above is also likely to cause mistake, or to deceive as to the affiliation, connection, or association of the Defendants with SMILE MORE® or as to the origin, sponsorship, or approval of Defendants' goods.

146. By use of the Defendants' brands set forth above, Defendants have made misleading representations as to the source of their goods, and as to the affiliation with SMILE MORE®.

147. Through SMILE MORE®'s continuous and exclusive use of their trademarks, SMILE MORE® has acquired common law rights in their marks.

148. Plaintiff possesses these common law rights in the same geographic areas that Defendants operate their business and sell their competing products and acquired them prior to Defendants' first use of their brands.

149. Through unlawful and improper conduct described above, Defendants have at the expense of SMILE MORE®, been conferred a benefit and unjustly enriched and should not be entitled to retain those benefits.

150. SMILE MORE® is entitled to restitution of the amount by which Defendants

were, and continue to be, unjustly enriched, and Defendants should be estopped from inequitably retaining such benefits.

## PRAYER FOR RELIEF

WHEREFORE, Plaintiff prays for the following relief against Defendants:

A. That the Court adjudge SMILE MORE®'s registered mark of the United States Trademark Registration No. 4993299 willfully infringed by the Defendants.

B. That the Court adjudge SMILE MORE®'s registered mark of the United States Trademark Registration No. 4695492 willfully infringed by the Defendants.

C. That the Court adjudge that Defendants have unfairly competed with SMILE MORE® and that such unfair competition was willful.

D. That Defendants, their officers, agents, servants, employees, and attorneys, successors, and assigns, and all those in active concert or participation with any of them who receive actual notice of the order by personal service or otherwise, be enjoined from:

(1) Using any name, mark trade dress, indication of course or other identifier that is similar in whole or in part to any of SMILE MORE®'s marks.

(2) Doing any other act or thing likely to confuse, mislead, or deceive others into believing that Defendant, or their business or goods or services, emanate from or are connected with, sponsored by, or approved by SMILE MORE®.

(3) Aiding or abetting any other person in committing any of the acts prohibited by (1), (2) or (3) above.

E. That Defendants be ordered to turn over to Plaintiff, or destroy all products, advertising paraphernalia, clothing, prints, and other items, whether in

physical or electronic form, or other form, bearing any name, mark, trade dress, indication of source or other identifier that is similar in whole or in part to SMILE MORE®'s marks, or its names or imagery, including but not limited to products, advertising paraphernalia, clothing, prints, and other items, whether in physical, electronic, or other form, bearing the SMILE MORE® name, and branding.

F. That Defendants provide an accounting of profits made by Defendants as a result of the acts complained of herein.

G. That Plaintiff be awarded all profits derived by Defendants by reason of their infringement of SMILE MORE®'s trademark rights and unfair competition, and all other sums by which Defendants or its owners, members, or employees has been unjustly enriched.

H. That Plaintiff be awarded all damages incurred by reason of Defendants' trademark infringement of SMILE MORE®'s rights, and Defendants' unfair competition, including but not limited to lost profits, a reasonable royalty, loss of goodwill, and injury to SMILE MORE®'s reputation and goodwill.

I. That Defendants be required, in accordance with Section 34(a) of the U.S. Trademarks Act, 15 U.S.C. § 1116(a), to file with the Court, and serve upon Plaintiff, a report in writing, under oath, setting forth in detail the manner and form in which Defendants have complied with the terms of any injunction entered by this Court.

J. That this case be deemed exception under 15 U.S.C. § 1117(a), and that Plaintiff be awarded increased damages, including treble damages.

K. That an assessment and award of costs and attorneys' fees for this action be made against Defendants, including pursuant to 15 U.S.C. § 1117(a) and pursuant to Fla. Stat. §§ 501.2105 and 501.211(2).

L. That pursuant to Fla. Stat. § 501.211, a declaration be made that the

actions of Defendants complained of herein constitute unfair methods of competition, unconscionable acts or practices, and unfair or deceptive acts or practices in the conduct of trade or commerce in violation of Florida's Deceptive and Unfair Trade Practices Act.

M. That a constructive trust be imposed on all monies derived from Defendants' use of its brands complained of herein, of SMILE MORE®'s trademarks, and all monies and property diverted by Defendants from SMILE MORE® as identified herein.

N. That Plaintiff be awarded prejudgment and post-judgment interest at the maximum rate allowed by law.

O. That Plaintiff be granted such other and further relief as the Court may deem just and proper.

## DEMAND FOR JURY TRIAL

Plaintiff demands trial by jury on all issues so triable.

Dated this 25th day of September 2026.

*/s/Benjamin C. Haynes, Esq.*
Benjamin C. Haynes
FBN: 91139
Haynes Law Group, P.A.
Attorneys for Plaintiff
407 Wekiva Springs Road, Ste. 217
Longwood, FL 32779
P. (407) 960-7377 | F. (407) 636-6904
Email: Ben@hayneslegalgroup.com